UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHANNON CAMPBELL,

                Petitioner,

   -vs-
                                           **No. 04-CV-6261(VEB)**
                                           **DECISION AND ORDER**

THOMAS J. POOLE,

                Respondent.

## INTRODUCTION

*Pro se* petitioner Shannon Campbell has filed a motion pursuant to Rules 52(b), 54(b) and 59 of the Federal Rules of Civil Procedure ("F.R.C.P.") for reconsideration of the decision and order of this Court (Docket Nos. 17 & 18) dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petitioner's Notice of Motion ("Pet'r Not. of Mot."), Affidavit ("Pet'r Aff."), and Memorandum of Law ("Pet'r Mem.") (all filed as Docket No. 20). For the reasons that follow, the motion for reconsideration is denied.

## DISCUSSION

The standards controlling a motion for reconsideration are set forth in F.R.C.P. 59(e). *Johnson v. Bartlett*, No. 96 CIV. 6941(JFK), 1999 WL 2872, at *1 (S.D.N.Y. Jan. 4, 1999) (citing, *inter alia*, *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993), *aff'd*, 35 F.3d 49 (2d Cir. 1994). In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements. *E.g.*, *In re C-TC 9 Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995) (cited in *Graziano v. Lape*, No. 904CV0084LEKGJD, 2005 WL 1176567, *1 (N.D.N.Y. 2005) (denying reconsideration of order denying petitioner's motion to amend his § 2254 habeas corpus petition

to add an additional claim). The court's rulings under such motions are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Id.* (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983)). Reargument is appropriate only where the Court has "overlooked controlling decisions or factual matters put before it on the underlying motion," *In re New York Asbestos Litigation*, 847 F. Supp. 1086, 1141 (S.D.N.Y.1994), and which, had they been considered, "might reasonably have altered the result before the court." *Consolidated Gold Fields v. Anglo American Corp.*, 713 F. Supp. 1457, 1476 (S.D.N.Y.1989) (quoted in *Johnson v. Bartlett*, 1999 WL 2872, at *1).

Campbell contends that this Court's decision and order did not comply with F.R.C.P. 54 "in that all the constitutional questions raised in Petitioner's submissions . . . were not finally resolved, and/or <u>in the alternative</u> [p]ursuant to [F.R.C.P.] 52(b) and [F.R.C.P.] 59, Amending the Order of This Court . . . on the grounds that . . . it completely omitted the Petitioner's Traverse . . . which provided Cause for many of the claimed procedurally defaulted claims, or otherwise demonstrated that the claims were not procedurally defaulted." Pet'r Notice of Motion (Docket No. 20) (emphasis in original). The first two point headings in Campbell's supporting Memorandum of Law are as follows: (1) "all of the issues claimed by the Court as being procedurally barred were available for review"; (2) "the Court's failure to entertain the defendant's Traverse, renders the Order denying habeas relief invalid as a matter of law, and subject to reconsideration, vacature [sic] or amendment". Under the third, untitled, point heading in the Memorandum of Law, petitioner has five (5) subheadings individually attacking the Court's legal analysis of the merits of his claims.

To the extent that Campbell contends that the Court did not consider all of his

submissions, he is incorrect. The Court did review his Traverse but found none of his arguments persuasive. The Court need not specifically address in minute detail each argument presented when it is plain that there is no merit whatsoever to them. However, the Court will briefly address the contention on which Campbell has spent the most effort in his motion for reconsideration–his so-denominated "novel" theories of cause: he argues that New York State's assigned counsel program is unconstitutional, that his trial counsel was *per se* ineffective because he was assigned, and that the issue-preservation requirements of New York Criminal Procedure Law ("C.P.L.") § 470.05(2) are unconstitutional when applied to indigent defendants represented by assigned counsel. The case he cites in support of his contention that the assigned counsel program is unconstitutional, *New York County Lawyers' Ass'n v. State*, 192 Misc.2d 424, 745 N.Y.S.2d 376 (N.Y. Sup. Ct. 2002), is inapposite here. That case relates only to an action brought in New York County by the New York County Lawyer's Association challenging statutes imposing caps on amounts payable to private attorneys sitting on the panel to represent indigent clients in criminal and family matters in *New York County*.[1]

The Court further rejects as baseless Campbell's contention that his trial attorney was *per se* ineffective simply because he was assigned and not privately retained. The Court has reviewed the record below in its entirety and it is apparent that trial counsel performed competently throughout the criminal proceedings against Campbell, and effectively and zealously represented his client's interests in an extremely difficult and sensitive case.

Likewise, the Court rejects Campbell's argument that defense attorneys, simply because

---

[1] The Supreme Court of New York County granted the Association's for a preliminary injunction against the City of New York and the State of New York, directing them to pay assigned counsel a higher hourly rate for in and out-of-court work in New York County, until the Legislature modified County Law § 722-b and Judiciary Law § 35. *See New York County Lawyers' Ass'n v. State*, 192 Misc.2d at 438-39.

they participate in the assigned counsel program, are not experienced or knowledgeable enough to comply with New York's contemporaneous objection requirement set forth in C.P.L. § 470.05(2). In other words, Campbell is asserting, because assigned counsel ostensibly received a lower fee to represent him than if he had been privately retained, counsel accordingly turned in a substandard performance and either negligently or wilfully failed to object when he should have. Not only is this argument offensive, it is entirely baseless.  In any event, even assuming for the sake of argument that trial counsel did fail to object at a time when he had a colorable ground to do so, the failure to object, standing alone, is not sufficient to constitute cause: "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986) (referring to *Engle v. Isaac*, 456 U.S. 107 (1982)). "[T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984) ], [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default. Instead . . . the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some *objective factor* external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Carrier*, 477 U.S. at 488 (emphasis supplied).

Furthermore, the Court adheres to its previous rulings that several of Campbell's claims were not fairly presented to the state courts and thereby fully exhausted because they were not addressed in appellate counsel's leave letter to the New York Court of Appeals. Campbell

contends that *Grey v. Hoke*, 933 F.2d 117 (2d Cir. 1991),[2] "applied to the contents of the main brief filed by Appellate Counsel, not a pro se brief" because "[a] pro se brief is a separate submission which, by its very nature, contains issues which Appellate counsel rejected." Pet'r Mem. at 7 (Docket No. 20). Campbell's reading of *Grey v. Hoke* is simply incorrect; it does not expressly or impliedly limit its holding in the way Campbell contends.

In addition, the Court finds unavailing Campbell's contention that he has a corrective mechanism to exhaust the claims omitted by appellate counsel's leave application. He concedes that the claims would be procedurally barred on a motion to vacate pursuant to C.P.L. § 440.10 but argues that "the Court should have allowed [him] to return to the Appellate Division to exhaust these issues as components of ineffective assistance of Appellate Counsel." Pet'r Mem. at 10 (Docket No. 20). However, by making this argument Campbell implicitly admits that there are *no* corrective mechanisms available for the claims actually raised in his habeas petition, since the underlying arguments that appellate counsel omitted ("the components") are *separate and distinct* from a claim of ineffective assistance of appellate counsel. For Campbell to be permitted to return to state court to exhaust the unexhausted claims as "components" of an ineffective assistance argument, he would have to show that he is entitled (1) to amend his petition; and (2) to have his petition stayed and held in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 266, 277-78 (2005). Campbell has not even attempted to make either showing, nor could he do so since all of the unexhausted claims (like his exhausted claims) are without merit under any standard of

---

[2] The Second Circuit held in *Grey* that "[t]he fair import of petitioner's submission to the Court of Appeals, consisting of his brief to the Appellate Division that raised three claims and a letter to the Court of Appeals arguing only one of them, was that the other two had been abandoned. The only possible indication that the other two claims were being pressed was the inclusion of a lengthy brief originally submitted to another court. This did not fairly apprise the court of the two claims. We decline to presume that the New York Court of Appeals has a duty to look for a needle in a paper haystack." *Id.* at 118 (quotation and quotation marks omitted).

review.

Finally, the remainder of Campbell's motion for reconsideration simply asserts that the Court "got it wrong" when it rejected his habeas claims on the merits. Federal courts generally recognize only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Id.* (citing *Wilson v. Consolidated Rail Corp.*, 815 F. Supp. 585, 586 (N.D.N.Y. 1993) (citing in turn *McLaughlin v. New York*, 784 F. Supp. 961, 965 (N.D.N.Y. 1992)); *accord Graziano v. Lape*, 2005 WL 1176567, at *1. Although Campbell has failed to specify the grounds upon which he brings the present motion, it is clear that the first two grounds for reconsideration are inapplicable to the matter at hand; there were no intervening changes in the law, nor was there new evidence not previously available. That leaves the Court with only the third ground, pursuant to which petitioner must demonstrate a need to correct a clear error of law or prevent manifest injustice. This he has failed to do. The reasons given by petitioner for reconsideration merely repeat those set forth in his previous pleadings, and it is clear that the instant motion "merely rehashes arguments previously raised," *Johnson v. Bartlett*, 1999 WL 2872, at *1, considered, and rejected by this Court in its decision and order denying petitioner's habeas petition. As Campbell has failed to establish his entitlement for the relief he seeks under Rule 59, Campbell's motion for reconsideration is denied. *Accord Johnson v. Bartlett*, 1999 WL 2872, at *1; *Graziano v. Lape*, 2005 WL 1176567, at *1.

Accordingly, it is hereby

**ORDERED** that petitioner's motion for reconsideration (Docket No. 20) is **DENIED**

**with prejudice.** No certificate of appealability shall issue as Campbell has failed to make the required showing pursuant to 28 U.S.C. § 2253(c).

    **IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    June 26, 2008
                Rochester, New York**.**